(158 App. Div. 651.)

### PEOPLE v. METROPOLITAN SURETY CO.

### SEABERG v. YAWGER.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

CORPORATIONS (§ 565*)—CLAIM AGAINST RECEIVER—CONTINGENT CLAIM.

One presenting a claim against the receiver of an insolvent surety company was bound to show that when the action was brought to dissolve

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the corporation he had an absolute, and not a contingent, claim against it; and where the claim was based upon a surety bond conditioned upon certain "soldiers' additional scrip" for public land being valid, and it was not shown by claimant whether the scrip became invalid before or after the dissolution of the corporation, because it did not appear whether the widow of the soldier remarried before its dissolution, the claim should not be allowed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2281, 2282; Dec. Dig. § 565.*]

Smith, P. J., dissenting in part.

Appeal from Special Term, Albany County.

Action by the People of the State of New York against the Metropolitan Surety Company, insolvent. In the matter of the claim of Hugo Seaberg against the Metropolitan Surety Company. From an order allowing the claim, the receiver appeals. Reversed, and matter remitted for further proceedings.

See, also, 144 N. Y. Supp. 201.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Edward R. Finch, of New York City, for appellant.

Sullivan & Cromwell, of New York City (Ralph L. Collett, of New York City, of counsel), for respondent.

Thomas Carmody, Atty. Gen., for the People.

JOHN M. KELLOGG, J. We have considered the various objections raised to the order, and find but one real objection to it. In People v. Metropolitan Surety Co., 205 N. Y. 135, 98 N. E. 412, Ann. Cas. 1913D, 1180, it was held that claims against the fund in the hands of the receiver must be valued and determined and their status fixed as of the date of the commencement of the action for dissolution and that contingent claims cannot share in the distribution. In that case the company was surety on an attachment undertaking conditioned for the payment of any judgment which might be recovered in the action, not exceeding the sum stated. The action had not been decided at the time of the receivership, and it was held that a subsequent default upon the undertaking furnished no claim against the receiver.

In this case the condition of the surety bond given by the company was that "the soldiers' additional scrip" was valid, and that upon the execution of the necessary papers the claimant could select and have patented for him the number of acres mentioned in the scrip. It also provided that, if defects were found to exist in the scrip, the principal will at her option pay the damages caused thereby or furnish other good scrip, likewise guaranteed. It was also provided that a letter from the United States Land Office showing the rejection of the script should be sufficient evidence of the facts stated therein, and the refund of money or new scrip should become due 30 days from the furnishing of such evidence; that if the principal performed the obligations upon her part the bond was to be void; otherwise, to remain in full force "and the amount of said bond become due and payable

after 10 days from such default." The letter from the Land Office of February 18, 1910, showed that the scrip in question was rejected in October, 1909, because Sally Powell, the widow of the soldier, had remarried, and that the land referred to in the scrip belonged to the estate of the soldier; she having relinquished it by such marriage. Section 2307, Rev. St. (U. S. Comp. St. 1901, p. 1417). It also stated:

"If her former husband, James F. Powell, made the original homestead entry upon which the claim is based, which was not satisfactorily shown by the evidence filed, the right she thereby became entitled to has remained an asset of his estate since his death, and the estate could not be divested thereof by any assignment of said remarried widow."

The appellant was appointed temporary receiver January 6, 1909, and on January 30, 1909, by judgment of the court, the company was dissolved, and he was appointed permanent receiver. The claim was presented November 1, 1909.

The Land Office letter does not indicate when Mrs. Powell remarried, and there is no evidence upon the·subject, except that it was determined in October, 1909, that she had remarried. We cannot, therefore, assume that she remarried before January 6, 1909. The letter does not show that the scrip was void because the soldier never made the original homestead entry, but indicates that satisfactory proof had not at that time been made upon that subject. We assume that if the widow had not remarried there was still an opportunity to make proof whether the soldier had or had not entered upon the land. We have no evidence upon the subject. It rested with the claimant to show that at the time the action was brought to dissolve the corporation he had an absolute and not a contingent promise of the company, and he has failed to make such proof. We need not consider whether, within the rule, this claim would be contingent or absolute if the remarriage had taken place before the bond was given, or before January 6, 1909, or if the soldier had never made an original entry of the land. We rest the decision upon the fact that the invalidity of the scrip shown was based upon the remarriage of the widow, and it does not appear whether it became invalid before or after the action of dissolution was brought.

The order appealed from is therefore reversed, and the matter remitted to the Special Term for such further hearing as may be proper, with costs to the appellant to abide the event. All concur, except SMITH, P. J., who votes for reversal and dismissal of claim.